*456 MEIERHENRY, Justice
(concurring).
[¶ 65.] I concur on all issues and only-write to point out that the foreseeability test in Restatement (Second) of Agency § 228 for scope of employment analysis has been revised in Restatement (Third) of Agency § 7.07(2) (2006) and no longer relies on “foreseeability.” Id. Although we still adhere to this “foreseeability” analysis today, we should perhaps consider the approach adopted by the Restatement (Third) of Agency in the future. No one has urged this here.
[¶ 66.] Restatement (Third) of Agency § 7.07 no longer relies on the foreseeability test in determining whether an employee’s acts are within the scope of employment, partly because of its confusion with foreseeability in the negligence context. Id. (Restatement (Second) of Agency has been superseded by Restatement (Third) of Agency, adopted in 2005 and published in 2006). The test for determining scope of employment for vicarious liability for an employee’s tort in the Restatement (Third) of Agency § 7.07(2) provides as follows:
An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer’s control. An employee’s act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.
Id. Comment b to this section explains the difference between § 7.07(2) of Restatement (Third) of Agency and §§ 228 and 229 of Restatement (Second) of Agency (often relied on by this Court). Id. cmt. b. “The scope-of-employment doctrine in subsection (2) differs from its counterparts in Restatement Second, Agency §§ 228 and 229 because it is phrased in more general terms.” Id. The comment points out:
“Foreseeability” has a well-developed meaning in connection with negligence and to use it, additionally, to define a different boundary for respondeat superior risks confusion. Moreover, references to “foreseeability” in the respon-deat superior context tend to conflate the foreseeable likelihood, from an employer’s standpoint, that mishaps and slippage will occur in connection with the performance of assigned work, with the possibility that the work may lead to or somehow provide the occasion for intentional misconduct that is distinct from an employee’s actions in performing assigned work. To be sure, the latter possibility is indeed always “foreseeable,” given human frailty, but its occurrence is not a risk that an employer can effectively control and its occurrence may be related causally to employment no more than to other relationships and circumstances in an errant employee’s life more generally.
Id. cmt. b. Additionally, comment c points out:
An employee’s assigned duties may also place the employee in situations in which physical consequences may follow in an uninterrupted sequence from verbal exchanges with third parties. An escalation in the pitch of an employee’s conduct does not by itself transform the conduct into an independent course of conduct that represents a departure not within the scope of employment. It is a question of fact what motivated an employee’s conduct as verbal exchanges escalate or when an employee’s use of physical force becomes more pronounced.
Id. cmt. c. (emphasis added). Although we have not previously referred to Restatement (Third) of Agency § 7.07, its reliance on employee intentions rather than foreseeability for scope of employment deter- *457 initiations is very similar to the employee-intent discussion used in Deuchar and discussed by Chief Justice Gilbertson. See supra ¶¶ 21-22; Deuchar, 410 N.W.2d 177; see also Patterson v. Blair, 172 S.W.3d 361 (Ky.2005).
[¶ 67.] Nevertheless, under either test, issue one on vicarious liability involves issues of material fact that should not be decided by summary judgment.